**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge Gudrun J. Rice**

Civil Action No. 08-cv-02462-RPM-GJR

LARRY GARFINKEL,

      Plaintiff,

vs.

LARRY GERBAZ,
100 ROAD CATTLE COMPANY, LLC,

      Defendant(s).

---

**AMENDED ORDER SETTING RULE 16(b) SCHEDULING CONFERENCE
AND RULE 26(f) PLANNING MEETING**

---

The above captioned case has been referred to Magistrate Judge Gudrun J. Rice by Judge Richard P. Matsch pursuant to the Order of Reference filed on November 14, 2008. *See* 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b).

**IT IS HEREBY ORDERED:**

    (1)    The court shall hold a **Fed. R. Civ. P. 16(b)** scheduling/planning conference on

| |
|---|
| Monday, March 16, 2009 at 11:00 a.m. |

The conference shall be held in Courtroom 323 of the U.S. Courthouse, Wayne Aspinall Federal Building, 400 Rood Avenue, Grand Junction, Colorado 81501. If this date is not convenient for any party[1], he or she shall confer with opposing parties and contact the Court to reschedule the conference to a more convenient time.

---

[1]The term "party" as used in this Order means counsel for any party represented by a lawyer, and any *pro se* party not represented by a lawyer.

A copy of instructions for the preparation of a scheduling order and a form of scheduling order can be downloaded from the Court's website at www.co.uscourts.gov/forms-frame.htm (Click on "Civil Forms" in the blue box at the top of the screen and scroll down to the bold heading "Standardized Order Forms"). Parties shall prepare the proposed Scheduling Order in accordance with the Court's form.

Parties who are pro se or who do not have access to the internet may obtain the scheduling order form and instructions from the Clerk's Office, Room A105, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294.

The parties shall submit their proposed Scheduling Order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures V.L., on or before

> Wednesday, March 11, 2009

Scheduling Orders prepared by parties not represented by counsel, or without access to electronic case filing, are to be submitted to the Clerk of Court on paper.

(2)     In preparation for the scheduling/planning conference, the parties are directed to confer in accordance with **Fed. R. Civ. P. 26(f)** on or before

> Monday, February 23, 2008

The court strongly encourages the parties to meet face to face, but should that prove impossible, the parties may meet by telephone conference. All parties are jointly responsible for arranging and attending the Rule 26(f) meeting.

During the Rule 26(f) meeting, the parties shall discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1), and develop their proposed scheduling/planning plan. The parties should also discuss the possibility of informal discovery, such as conducting joint interviews with potential witnesses, joint meetings with clients, depositions via telephone, or exchanging documents outside of formal discovery.

In those cases in which: (i) the parties' substantive allegations involve extensive computer-generated records; (ii) a substantial amount of disclosure or discovery will involve information or records in electronic form (*i.e.,* e-mail, word processing, databases); (iii) expert witnesses will develop testimony based in large part on computer data and/or modeling; or (iv) any party plans to present a substantial amount of evidence in digital form at trial, the parties shall confer regarding steps they can take to preserve computer records and data; facilitate computer-based discovery, including who will bear the cost of such discovery; resolve privilege issues; limit discovery costs and delay; and avoid discovery disputes relating to electronic discovery. The parties shall be prepared to discuss these issues, as appropriate, in the proposed Scheduling Order and at the Scheduling Conference.

These are the minimum requirements for the Rule 26(f) meeting. The parties are encouraged to have a comprehensive discussion and are required to approach the meeting cooperatively and in good faith. The parties are reminded that the purpose of the Rule 26(f) meeting is to expedite the disposition of the action, discourage wasteful pretrial activities, and improve the quality of any eventual trial through more thorough preparation. The discussion of claims and defenses shall be a substantive, meaningful discussion. The parties are encouraged to exchange case authority supporting their respective positions.

The parties are reminded that pursuant to Fed. R. Civ. P. 26(d), no discovery shall be sought prior to the Rule 26(f) meeting.

(3)     The parties shall comply with the mandatory disclosure requirements of **Fed. R. Civ. P. 26(a)(1)** on or before

> Monday, March 09, 2009

Counsel and parties are reminded that mandatory disclosure requirements encompass computer-based evidence which may be used to support claims or defenses. Mandatory disclosures must be supplemented by the parties consistent with the requirements of Fed. R. Civ. P. 26(e). Mandatory disclosures and supplementation are not to be filed with the Clerk of the Court.

(4)     This matter also is referred to Magistrate Judge Rice for settlement purposes and with the authority to convene such settlement conferences and direct related procedures as may facilitate resolution of this case. The scheduling and planning conference is <u>not</u> a settlement conference, and no client representative is required to appear. Nonetheless, to facilitate an early evaluation for the possibility of settlement, parties shall e-mail a **brief** (15 pages or less including any attachments) Confidential Settlement Statement in PDF format to <u>Rice_Chambers@cod.uscourts.gov</u> on or before **5:00 p.m. (Mountain Time) on Wednesday, March 11, 2009**. This statement shall briefly outline the facts and issues involved in the case, and the possibilities for settlement, including any settlement authority from the client. Confidential settlements that are <u>over</u> (15) pages are to be submitted to the court as hard copies and shall be delivered to the Chambers of Magistrate Judge Rice at U.S. Courthouse, Wayne Aspinall Federal Building, 400 Rood Avenue, Room 310, Grand Junction, CO 81501.

(5)     All parties are expected to be familiar with the United States District Court for the District of Colorado Local Rules of Practice (D.C.COLO.LCivR). Copies are available through the District Court's web site: <u>www.cod.uscourts.gov.</u>

All out-of-state counsel shall comply with D.C.COLO.LCivR 83.3 prior to the Scheduling/Planning Conference.

It is the responsibility of counsel/pro se parties to notify the Court of his or her entry of appearance, notice of withdrawal, notice of substitution of counsel, or notice of change of address,

e-mail address, or telephone number by complying with the Court's Electronic Case Filing Procedures or by paper-filing the appropriate document with the Court.

**The parties are further advised that they shall not assume the Court will grant the relief requested in any motion. Failure to appear at a court-ordered conference or to comply with a court-ordered deadline which has not been vacated by court order may result in the imposition of sanctions, under Fed.R.Civ.P. 16(f).**

DATED at Grand Junction, Colorado, this 11th day of December, 2008.

BY THE COURT:

s/Gudrun J. Rice

_____

Gudrun J. Rice
United States Magistrate Judge