**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge Laird T. Milburn**

Civil Action No. 08-cv-02462-RPM-LTM

LARRY GARFINKEL,

    Plaintiff,

v.

LARRY GERBAZ, and
100 ROAD CATTLE COMPANY, LLC,

    Defendants.

_____

**ORDER COMPELLING DISCOVERY**
_____

THE COURT, having reviewed Plaintiff's Motion to Compel (docket # 45), Defendants Response as Supplemented (docket #s 50 & 51), and Plaintiff's Reply (docket # 53), hereby enters this ORDER granting Plaintiff's Motion requiring Defendants to provide an un-redacted and complete copy of all documents and data which were provided to Defendants' expert Jeffrey A. Berino.

**CASE BACKGROUND**

This case arises out of a forest fire which occurred in April 2008 in Pitkin County Colorado which Plaintiff claims was negligently caused by Defendants, and thereby causing Plaintiff personal injuries. Defendants deny that any conduct on the part of Gerbaz caused the fire in which Plaintiff was injured.

## ISSUE BEFORE THE COURT

Plaintiff's Motion to Compel asserts that on September 30, 2009 Defendants disclosed pursuant to Federal Rules of Civil Procedure 26(a)(2) the expert reports of Jeffrey A. Berino ("Berino"), consisting of two reports: the first in a felony case against Defendant Gerbaz, the second in this case.  Plaintiff also claims that after receipt of Defendants' expert disclosures that on October 22, 2009, Plaintiff requested and received a copy of Berino's file which included a redacted copy of the investigation report of Chandler Roth, which Berino had been permitted to read, review and consider, consisting of witness interviews conducted by Roth, which also contained Roth's opinions and evaluations of each of the witnesses potential trial credibility.

Defendants' response admits that Berino reviewed the entirety of the Roth report, including Roth's mental impressions of the interviewed witnesses' trial credibility, but claims the redaction was appropriate on the basis of the "work product" doctrine, and, which also claims that the un-redacted Roth report was inadvertently provided to Berino, and that Berino neither considered nor relied upon Roth's mental impressions of the witnesses' potential trial credibility, and that Roth instead paid attention only to matters contained in the Roth report for which he was hired: i.e., witness recollections of weather conditions and the location of wild fires.  Plaintiff's motion to compel, now before the Court, results from Defendants' refusal to produce to Plaintiff an un-redacted copy of the Roth report.

**OPINION AND ORDER**

This dispute highlights the conflict between Fed. R. Civ. P. 26(b)(2)(B) which protects against disclosure of the mental impressions, conclusions, opinions, or legal theories of the Parties' . . . or other representative concerning the litigation, commonly referred to as the "work product" doctrine, and Fed. R. Civ. P. 26(a)(2)(b), which requires that a retained testifying expert must provide a written report containing, <u>inter alia</u>, the data or other information considered by the witness in forming his opinions.

Although there are no 10th Circuit opinions regarding this conflict inherent in Fed. R. Civ. P. 26, District Courts within the Circuit have addressed the issue. In *State of Oklahoma v. Tyson Foods, Inc.*, 2009 WL 1578937 (N.D.Okla.) the issue arose in the context of a consulting expert becoming a testifying expert, with the Defendant employing the "work product" doctrine to justify refusal to provide information reviewed by the expert while he was a consulting expert and before becoming an expert witness. The, court in employing what it called "the Bright-Line" approach to Rule 26, held that Rule 26 requires the parties to produce all materials the testifying expert considered in forming his expert opinion, and that the 1993 Amendments to Rule 26 make clear that any type of work produce or privilege is lost when the material is disclosed to and considered by a testifying expert[1], and held that and the clear intent of the 1993 Amendment of Rule 26(a)(2) and its supporting commentary, and the majority of courts have

---

[1] The Court also noted, that given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions - whether or not ultimately relied upon by the expert - are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

since favored a "bright-line" approach that mandates "full disclosure of those materials reviewed by an expert witness"[1].

Further, to determine whether an expert "considered" materials, as that term is commonly used, would require the court to explore the expert's subjective mental processes and risks the creation of an unwieldy rule that would provide uncertainty as to the protect status of work product or other privileged matters. Thus, most courts believe that it is important to practitioners to have a more definitive rule under which they can determine whether the waiver has occurred. *Oklahoma v. Tyson Foods, Inc.*, supra. *Palmer v. Asarco, Inc.,* 225 F.R.D. 258 (N.D. Okla. 2004, Union Pac. Railroad Co., 2002 WL 181494 (D.Kan.). Therefore, the language of Rule 26(a)(2), and relevant commentary, the changes in the draft of the 1993 Amended Rule 26(a)(2), and the policy arguments and clear trend of the courts, including the district courts in this circuit, persuade me to adopt the bright-line rule in this matter. See *Johnson v. Gmeinder*, 191 F.R.D. 638 (D.Kan. 2000), *Melton v. Encana Oil & Gas (U.S.A.) Inc.*, 2007 WL 1468591 (D.Utah).

In response to Defendants' argument that the information was "inadvertently" disclosed to Roth, the court has reviewed the case of *Fajardo v. Pierce*, 2009 WL 1765756 (W.D.Wash.), where the court determined that it is irrelevant whether the documents (medical records) were inadvertently sent or asserted as privileged or protected work product, as all documents,

---

[1] The Court also noted, that given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions - whether or not ultimately relied upon by the expert - are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

communication and correspondence between the Plaintiff and her expert that are deemed to have been considered by the expert, are discoverable.

Thus, it is this Court's considered opinion that information inadvertently disclosed to a parties expert, thus ringing the bell, cannot be then "unrung".

Finally, Defendants argue that witnesses' privacy concerns (those interviewed by Roth) mandate redaction. However, Defendants cite no law or facts which articulate or demonstrate or support the existence of any privacy interest in this case to be protected.

WHEREFORE, the Court hereby GRANTS Plaintiff's Motion to Compel (docket # 45) and ORDERS Defendants to forthwith provide an un-redacted and complete copies of all documents and data which were provided by Defendants to Jeffrey A. Berino. Furthermore, the Court will consider Plaintiff's Motion For Cost and Attorneys Fees associated with this motion to compel.

Dated this 2nd day of December, 2009.

BY THE COURT:

s/Laird T. Milburn
_____
Laird T. Milburn
United States Magistrate Judge